# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAHESHKUMAR DASHARATHKUMAR PATEL,<br><br>Plaintiff,<br><br>v.<br><br>ALEJANDRO N. MAYORKAS, *et al.*,<br><br>Defendants. | Case No. 24-cv-2216 (JMC) |

## MEMORANDUM OPINION

Plaintiff Maheshkumar Dasharathkumar Patel filed this immigration mandamus lawsuit against Defendants Secretary of Homeland Security Alejandro Mayorkas, Director of U.S. Citizenship and Immigration Services (USCIS) Ur Jaddou, and Director of the USCIS Vermont Service Center Daniel Renaud, alleging that his application for a U visa has been unreasonably delayed. ECF 1.[1] On October 8, 2024, Defendants moved to either dismiss this case or transfer it to the Middle District of Florida, where Patel resides, pursuant to 28 U.S.C. § 1404(a). ECF 4. Patel, who is represented by counsel, failed to respond. The Court finds that transfer is appropriate and will therefore **GRANT** Defendants' motion to transfer this case to the Middle District of Florida.

28 U.S.C. § 1404(a) allows a case to be transferred to "any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice." The Court agrees with Defendants that this case could have been brought in the Middle

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

1

District of Florida because Patel resides there. *See* ECF 1 at 1 (listing Patel's address in Jacksonville, Florida); 28 U.S.C. § 1391(e)(1) (providing that, in actions naming federal agencies or officials as defendants, venue is proper, *inter alia*, in the district where the plaintiff resides). Next, "the Court must weigh the public and private interests." *McAfee, LLC v. USCIS*, No. 19-CV-2981, 2019 WL 6051559, at *1 (D.D.C. Nov. 15, 2019). After considering these factors, the Court again agrees with Defendants that transfer is proper.

First, the private interest factors. The Court considers "1) the plaintiff's choice of forum, 2) the defendant's choice of forum, 3) where the claim arose, 4) the convenience of the parties, 5) the convenience of the witnesses, . . . and 6) the ease of access to sources of proof." *Pearson v. Rodriguez*, 174 F. Supp. 3d 210, 213 (D.D.C. 2016) (quoting *Montgomery v. STG Int'l, Inc.,* 532 F. Supp. 2d 29, 32–33 (D.D.C. 2008)). Four of these factors weigh in favor of transfer. Patel is himself located in the Middle District of Florida and is likely to be the key witness. Therefore, the convenience of the parties and witnesses, as well as the ease of access to evidence, will be better served by litigating this matter in Patel's own district. Further, Defendants prefer the Middle District of Florida. ECF 4 at 11–12. The remaining two factors are neutral. Although Patel chose the District of Columbia as his forum, "that choice is conferred considerably less deference" than usual, because D.C. "is not the plaintiff's home forum, has few factual ties to the case at hand, and defendants seek to transfer to plaintiff's home forum." *Bourdon v. DHS*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017). Defendants do not explicitly state where they believe the claim arose, but emphasize that USCIS is headquartered in Camp Springs, Maryland, that Patel's application remains pending at the USCIS Service Center in Essex Junction, Vermont, and that Patel lives in Florida. ECF 4 at 6–7. In sum, the Court finds that the private interest factors weigh in favor of transfer.

Next, the public interest factors. The Court considers "the transferee district's familiarity with the governing law," "the relative congestion of the courts," and "the local interest in deciding local controversies at home." *Aracely v. Nielsen*, 319 F. Supp. 3d 110, 130 (D.D.C. 2018). "Perhaps [the] most important" of these factors—the local interest in deciding local controversies at home—weighs in favor of transfer. *Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 338 (D.D.C. 2020) As Defendants explain, "Plaintiff's injuries . . . are felt by Plaintiff in Plaintiff's District," not in the District of Columbia. ECF 4 at 13. The remaining public interest factors are neutral: "[j]udges in both districts are presumed to be equally familiar with the federal laws governing this dispute," and both districts face congested dockets. *W. Watersheds Project v. Pool*, 942 F. Supp. 2d 93, 101-02 (D.D.C. 2013); *see* ECF 4 at 14. On the whole, the public interest factors weigh in favor of transfer.

Because this case could have been brought in the Middle District of Florida, and both the private and public interest factors favor transfer to that District, it is in the interest of justice to transfer this case to the Middle District of Florida. 28 U.S.C. § 1404(a). Accordingly, the Court need not address Defendant's motion, in the alternative, to dismiss the case.

\*   \*   \*

For the foregoing reasons, Defendant's motion to transfer, ECF 4, is **GRANTED**. Defendant's motion to dismiss is **DENIED** without prejudice to refiling in the transferee district. A separate order accompanies this memorandum opinion.

**SO ORDERED.**

                                                                  _____
                                                                  JIA M. COBB
                                                                  United States District Judge

Date: November 15, 2024